**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AMERICAN WESTERN HOME
INSURANCE COMPANY,

    Plaintiff,

v.

INVESTUS EXIT STRATEGY, LLC,
EXIT STRATEGY, LLC, and COREY WELCH,
as Personal Representative of The Estate of
VALENCIA WELCH, deceased,

    Defendants.

Hon.
Case No. 2:18-cv-10088
**JURY DEMAND**

_____

**AMERICAN WESTERN HOME INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND**

COMES NOW Plaintiff, American Western Home Insurance Company ("AWHIC"), by counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, for its Complaint for Declaratory Judgment against Defendants InvestUS Exit Strategy, LLC ("InvestUS"), Exit Strategy, LLC ("Exit Strategy"), and Corey Welch, as Personal Representative of the Estate of Valencia Welch ("Welch Estate"), averring as follows:

**INTRODUCTION AND NATURE OF ACTION**

1.     This is an action pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of

actual controversy concerning the availability and scope of insurance coverage (defense and indemnity), if any, for InvestUS under the insurance policy AWHIC issued to Named Insured Exit Strategy ("AWHIC Policy" as defined below) and to obtain reimbursement of defense fees and costs incurred by AWHIC in the defense of InvestUS in the Underlying Action (as defined below).

2. This declaratory judgment action stems from an underlying lawsuit filed by the Welch Estate against InvestUS (and others) regarding the death of Valencia Welch ("Ms. Welch"), due to purported carbon monoxide poisoning. The underlying lawsuit is captioned *Corey Welch, as Personal Representative of the Estate of Valencia Welch, Deceased, Plaintiff v. Investus Exit Strategy, LLC, a Michigan Limited Liability Company, Defendant*, Civil Action No. 16-031760-NO-5, Saginaw Circuit Court, Michigan, and is pending before the Honorable Darnell Jackson ("Underlying Action") (Exhibit 1, Second Amended Complaint in the Underlying Action).

3. InvestUS seeks insurance coverage under the Commercial General Liability Coverage Form of the AWHIC Policy with respect to the Underlying Action.

4. AWHIC denies that it has or had any obligation to defend or indemnify InvestUS with respect to the Underlying Action under Commercial

2

General Liability Coverage Form of the AWHIC Policy and under applicable law.

5. AWHIC therefore requests that this Court: (a) declare the rights and duties of the parties with respect to insurance coverage (defense and indemnity) for the Underlying Action as set forth more fully below; and (b) order that all fees and costs incurred in the defense of InvestUS in the Underlying Action, and paid by AWHIC, be reimbursed to AWHIC as set forth more fully below.

## THE PARTIES

6. Plaintiff AWHIC is an insurance company incorporated and existing under the laws of the State of Oklahoma, with its corporate headquarters and principal place of business in Amelia, Ohio.

7. Upon information and belief, Defendant InvestUS is a limited liability company with its principal place of business in Chicago, Illinois. InvestUS conducts and transacts business in the State of Michigan. Upon information and belief, all members of InvestUS are domiciled in the United Kingdom.

8. Upon information and belief, Defendant Exit Strategy is a limited liability company organized and existing under the laws of the State of Michigan and it has a principal place of business in Miami, Florida. Exit

3

Strategy conducts and transacts business in the State of Michigan. Upon information and belief, all members of Exit Strategy are domiciled in the United Kingdom.

9.  Upon information and belief, Defendant Corey Welch is domiciled in the State of Michigan, and is the Personal Representative for the Estate of Valencia Welch, who was domiciled in the State of Michigan.

## JURISDICTION AND VENUE

10.  Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the controversy is between citizens of different states and the amount in controversy exceeds the minimum jurisdictional amount of $75,000, exclusive of interest and costs.

11.  The matters in controversy between the parties involve the application of the AWHIC Policy, which affords a liability limit under the Commercial General Liability Coverage Form of $1,000,000 each occurrence, and provides for payment of defense costs associated with suits seeking damages covered by the AWHIC Policy.

12.  This Court has personal jurisdiction over Defendant InvestUS as it conducts and transacts business in the State of Michigan.

13.  This Court has personal jurisdiction over Defendant Exit Strategy as it conducts and transacts business in the State of Michigan.

14. This Court has personal jurisdiction over the Welch Estate as Corey Welch is domiciled in the State of Michigan, and is the Personal Representative for the Estate of Valencia Welch, who was domiciled in the State of Michigan.

15. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b)(2), as the AWHIC Policy was issued to "Exit Strategy, LLC, 26622 Woodward Ave., Suite 100, Royal Oak, MI 48067."

## THE UNDERLYING ACTION

16. The Underlying Action arises out of fatal injuries that Ms. Welch suffered on or about February 25, 2015, purportedly due to exposure to hazardous levels of carbon monoxide that arose from a defective hot water heater and furnace at her residence.

17. According to the Underlying Action, Defendant InvestUS was the owner and landlord of Ms. Welch's residence at 3233 Robinwood Street, Saginaw, Michigan, at the time of Ms. Welch's death.

18. The Underlying Action sets forth two counts against InvestUS, Count I Negligence and Count II Nuisance.

19. The Underlying Action alleges, under Count I Negligence, that InvestUS breached its duty of reasonable care and was negligent in one or more of the following ways:

- a. Failing to maintain the premises in a reasonably safe condition;

- b. Failing to adequately inspect, test, evaluate and/or assess the premises for hazards, including the presence of carbon monoxide or devices that would cause dangerous levels of carbon monoxide;

- c. Violating the City of Saginaw Housing Code provisions regarding the rental, inspection, and maintenance of housing;

- d. Violating the Housing Law of Michigan, MCL 125.401 et seq., by failing to keep the dwelling and all its parts in good repair;

- e. Failing to hire competent employees or contractors to rent, repair, and inspect or further warn, advise and/or instruct Plaintiff's decedent of the presence of defective appliances or dangerous levels of carbon monoxide and the risks associated with these hazards and the means to minimize the risks;

- f. Failing to make necessary repairs after having actual and/or constructive knowledge of the existence of the hazard and the need to make necessary repairs;

- g. Undertaking to make some repairs at the premises, but doing so in a negligent or careless manner and increasing the hazard of excessive carbon monoxide throughout the premises.

(Exhibit 1, ¶ 13).

20. Under Count 2 Nuisance, the Underlying Action alleges that InvestUS improperly operated and maintained the premises and that it constituted a nuisance in the following ways:

a. It contained extremely high levels of carbon monoxide, which permeated the premises and posed a hazard of carbon monoxide poisoning to Plaintiff's decedent;

b. It was in a state of disrepair and had numerous leaks in the venting of the furnace and hot water heater that contributed to and caused excessive levels of carbon monoxide to permeate the premises and pose a hazard of carbon monoxide poisoning to Plaintiff's decedent and others on the premises.

(Exhibit 1, ¶ 18).

21. AWHIC has been providing InvestUS a defense in the Underlying Action subject to a full and complete reservation of rights.

## THE AWHIC POLICY

22. The AWHIC Policy was issued to named insured "Exit Strategy, LLC, 26622 Woodward Ave., Suite 100, Royal Oak, MI 48067." (Exhibit 2, AWHIC Policy).

23. No term, provision or endorsement of the AWHIC Policy provides that InvestUS is a named insured, an insured or an additional insured, or otherwise qualifies for insurance coverage, under the AWHIC Policy. (Exhibit 2, AWHIC Policy).

24. The absolute pollution exclusion in the Exclusions endorsement in the AWHIC Policy provides, in relevant part:

**2. Exclusions.**

This insurance does not apply to:

**f.** to any loss whether indemnification or legal defense for any loss due to

1) "Bodily Injury" or "Property Damage" which would have or has arisen on or occurred in whole or part arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

* * *

3) It is further agreed and clarified that this policy provides no coverage for and will not respond to any claim, demand, liability, action, judgment, cost, attorney's fees or expense connected therewith that may arise out of any actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

Pollutants are hereby defined as, but not limited to, any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapors, soot, fumes, acids, alkalis, chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course or body of water. Waste includes material to be recycled, reconditioned or reclaimed.

* * *

(Exhibit 2, AWHIC Policy at p. 39).

## COUNT I – <br> DECLARATORY JUDGMENT THAT INVESTUS IS NOT <br> THE NAMED INSURED, INSURED OR ADDITIONAL INSURED <br> UNDER THE AWHIC POLICY

25. AWHIC incorporates by reference the allegations of paragraphs 1 to 24 of this Complaint for Declaratory Judgment as if restated herein.

26. The Underlying Action identifies and asserts claims against InvestUS only, and does not allege any claims against Exit Strategy.

27. Exit Strategy is the only named insured under the AWHIC Policy.

28. No term, provision or endorsement of the AWHIC Policy provides that InvestUS is a named insured, an insured or an additional insured, or otherwise qualifies for insurance coverage (defense and indemnity), under the AWHIC Policy with respect to Underlying Action.

29. Accordingly, as InvestUS is not an insured under the AWHIC Policy with respect to the Underlying Action, the AWHIC Policy is inapplicable to and does not provide insurance coverage (defense and indemnity) to InvestUS with respect to the Underlying Action.

## COUNT II –
## DECLARATORY JUDGMENT THAT THE ABSOLUTE POLLUTION EXCLUSION IN THE AWHIC POLICY EXCLUDES COVERAGE FOR THE UNDERLYING ACTION

30. AWHIC incorporates by reference the allegations of paragraphs 1 to 29 of this Complaint for Declaratory Judgment as if restated herein.

31. The Underlying Action alleges that Ms. Welch died as a result of carbon monoxide poisoning caused by exposure to excessive levels of carbon monoxide released from a defective hot water heater and furnace at her residence.

32. Such claims fall within the AWHIC Policy's absolute pollution exclusion, which excludes coverage for any loss due to bodily injury that arises out of, in whole or in part, the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants.

33. The absolute pollution exclusion in the AWHIC Policy applies to exclude insurance coverage (defense and indemnity) under the AWHIC Policy with respect to the Underlying Action.

## COUNT III –
## AN IMPLIED IN FACT CONTRACT OR UNJUST ENRICHMENT ENTITLES AWHIC TO REIMBURSEMENT OF DEFENSE COSTS INCURRED TO DEFEND INVESTUS AGAINST THE UNDERLYING ACTION

34. AWHIC incorporates by reference the allegations of paragraphs 1 to 33 of this Complaint for Declaratory Judgment as if restated herein.

35. To date, AWHIC has paid in excess of $32,100.83 in defense costs on behalf of InvestUS to defend against the Underlying Action, and since that date additional amounts have been and are anticipated to be incurred and paid in the future.

36. AWHIC's payments of defense costs on behalf of InvestUS were made subject to a full and complete reservation of rights, including the right to seek reimbursement for such payments in the event that a determination is made that coverage is not available under the AWHIC Policy for the Underlying Action.

37. InvestUS has received a benefit provided by AWHIC in the form of fees and costs that AWHIC has paid on behalf of InvestUS to defend against the Underlying Action.

38. AWHIC has communicated its reservation of rights to seek reimbursement of defense fees and costs paid on behalf of InvestUS, creating an implied in fact contract.

39. Alternatively, InvestUS has been unjustly enriched by its retention of the benefit provided by AWHIC in the form of fees and costs AWHIC has paid on behalf of InvestUS to defend against the Underlying Action.

40. Thus, to the extent no coverage is owed to InvestUS for the Underlying Action, AWHIC is entitled to and seeks reimbursement from

InvestUS of the fees and costs that AWHIC has paid, and continues to pay, in the investigation and defense of the Underlying Action on behalf of InvestUS.

**WHEREFORE**, AWHIC respectfully requests that this Honorable Court:

a. Issue a declaration that InvestUS is not an insured under the AWHIC Policy and is therefore not entitled to insurance coverage (defense and indemnity) with respect the Underlying Action;

b. Issue a declaration that the pollution exclusion in the AWHIC Policy applies to exclude insurance coverage (defense and indemnity) under the AWHIC Policy with respect to Underlying Action;

c. Order that InvestUS must reimburse AWHIC for the total sum of all money expended by AWHIC in the investigation, defense and/or indemnification of InvestUS against the Welch claim and/or the Underlying Action; and

d. Order such other relief as this Court may deem appropriate.

        Respectfully submitted,

        s/Patrick E. Winters
        Patrick E. Winters (P62794)
        Nicole C. Ruggirello (P75306)
        Plunkett Cooney
        38505 Woodward Avenue, Suite 100
        Bloomfield Hills, MI 48304
        (248) 901-4000
        (248) 901-4040 (Fax)
        pwinters@plunkettcooney.com
        nruggirello@plunkettcooney.com
        ***Attorneys for Plaintiff***

Dated: January 9, 2018

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, American Western Home Insurance Company, hereby demands a jury trial in the above entitled action.

Respectfully Submitted,

  s/Patrick E. Winters
Patrick E. Winters (P62794)
Nicole C. Ruggirello (P75306)
Plunkett Cooney
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 901-4000
(248) 901-4040 (Fax)
pwinters@plunkettcooney.com
nruggirello@plunkettcooney.com
***Attorneys for Plaintiff***

Dated: January 9, 2018

Open.20055.73132.16134454-1