UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN WESTERN HOME
INSURANCE COMPANY,

       Plaintiff,

v.

INVESTUS EXIT STRATEGY, LLC,
EXIT STRATEGY, LLC, and COREY
WELCH, as Personal Representative of the
Estate of VALENCIA WELCH, deceased,

       Defendants.

Case No. 18-cv-10088
Hon. Thomas L. Ludington

_____

| PLUNKETT COONEY | JOELSON ROSENBERG PLC |
|---|---|
| Patrick E. Winters (P62794) | Ian L. Gross (P76181) |
| Nicole C. Rugirello (P75306) | Attorneys for InvestUS Exit |
| Attorney for Plaintiff | Strategy, LLC and Exit Strategy, LLC |
| 38505 Woodward Ave., Ste. 100 | 30665 Northwestern Hwy., Ste. 200 |
| Bloomfield Hills, MI 48304 | Farmington Hills, MI 48334 |
| (248) 901-4000 | (248) 626-9966 |
| (248) 901-4040 (fax) | (248) 855-2388 (fax) |
| pwinters@plunkettcooney.com | igross@jrlawplc.com |
| nruggirello@plunkettcooney.com | |

_____

**<u>EXIT STRATEGY, LLC AND INVESTUS EXIT STRATEGY, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES</u>**

NOW COME Defendants Exit Strategy, LLC ("Exit Strategy") and InvestUS Exit Strategy, LLC ("InvestUS") (collectively, the "Defendants"), by and through

1

their counsel, JOELSON ROSENBERG, PLC, and for Defendants' Answer to Plaintiff American Western Home Insurance Company's ("Plaintiff" or "AWHIC") Complaint, state as follows:

1. In answer to paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff seeks relief under 28 U.S.C. Sec. 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, but deny any wrongdoing or Plaintiff's entitlement to damages, attorney fees, and/or any other relief sought.

2. In answer to paragraph 2 of Plaintiff's Complaint, Defendants admit the allegations as true insofar as the Underlying Action involves claims against InvestUS arising out of the fatal injuries suffered by Ms. Welch. In further response, to the extent this paragraph contains allegations of wrongdoing on the part of the Defendants, the same are denied as untrue.

3. In answer to paragraph 3 of Plaintiff's Complaint, Defendants admit the allegations contained therein as true.

4. In answer to paragraph 4 of Plaintiff's Complaint, Defendants deny the allegations contained there as untrue.

5. In answer to paragraph 5 of Plaintiff's Complaint, Defendants admit the allegations contained therein as true, but deny any wrongdoing and further deny Plaintiff's entitlement to damages, attorney fees, and/or any other relief sought.

## THE PARTIES

6. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 6 of Plaintiff's Complaint, and so neither admit nor deny the same, and leave Plaintiff to its strict proofs.

7. In answer to paragraph 7 of Plaintiff's Complaint, Defendants admit that InvestUS is a Michigan limited liability company, and that its member(s) are domiciled in the United Kingdom. The remaining allegations in paragraph 7 of Plaintiff's Complaint are denied as untrue.

8. In answer to paragraph 8 of Plaintiff's Complaint, Defendants admit that Exit Strategy is a Michigan limited liability company, and that its member(s) are domiciled in the United Kingdom. The remaining allegations in paragraph 8 of Plaintiff's Complaint are denied as untrue.

9. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 9 of Plaintiff's Complaint, and so neither admit nor deny the same, and leave Plaintiff to its strict proofs.

## JURISDICTION AND VENUE

10. In answer to paragraph 10 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein because the same constitutes a conclusion of law.

11. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 11 of Plaintiff's Complaint, and so neither admit nor deny the same, and leave Plaintiff to its strict proofs.

12. In answer to paragraph 12 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein because the same constitutes a conclusion of law.

13. In answer to paragraph 13 of Plaintiff's Complaint, Defendants neither admit nor deny the allegations contained therein because the same constitutes a conclusion of law.

14. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 14 of Plaintiff's Complaint, and so neither admit nor deny the same, and leave Plaintiff to its strict proofs.

15. In answer to paragraph 15 of Plaintiff's Complaint, Defendants admit that venue is proper in this district. In further response, to the extent this paragraph alleges any wrongdoing on the part of the Defendants, Defendants deny the same as untrue.

## THE UNDERLYING ACTION

16. In answer to paragraph 16 of Plaintiff's Complaint, Defendants admit the allegations as true insofar as the Underlying Action involves claims arising out of the fatal injuries suffered by Ms. Welch. In further response, to the extent this

paragraph contains allegations of wrongdoing on the part of the Defendants, the same are denied as untrue.

17. In answer to paragraph 17 of Plaintiff's Complaint, Defendants admit the allegations as true. To the extent this paragraph contains allegations of wrongdoing on the part of the Defendants, the same are denied as untrue.

18. In answer to paragraph 18 of Plaintiff's Complaint, Defendants admit the allegations as true. To the extent this paragraph contains allegations of wrongdoing on the part of the Defendants, the same are denied as untrue.

19. In answer to paragraph 19 of Plaintiff's Complaint, Defendants admit that the Underlying Action involves claims that InvestUS was negligent in one or more of the ways identified in Plaintiff's Complaint. However, to the extent this paragraph contains allegations of wrongdoing on the part of the Defendants, the same are denied as untrue.

20. In answer to paragraph 20 of Plaintiff's Complaint, Defendants admit that the Underlying Action involves claims that InvestUS improperly operated and maintained the premises as identified in Plaintiff's Complaint. However, to the extent this paragraph contains allegations of wrongdoing on the part of the Defendants, the same are denied as untrue.

21. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 21 of Plaintiff's Complaint, and so it neither admits nor

denies the same, and leaves Plaintiff to his strict proofs. To the extent this paragraph contains allegations of wrongdoing on the part of the Defendants, the same are denied as untrue.

## **THE AWHIC POLICY**

22. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 22 of Plaintiff's Complaint, and so neither admit nor deny the same, and leave Plaintiff to its strict proofs. To the extent this paragraph contains allegations of wrongdoing on the part of the Defendants, the same are denied as untrue. In further response, Defendants state that both Exit Strategy and InvestUS were covered by the applicable policy. To the extent that one or more of the Defendants were omitted from the policy, that omission was due to the negligence of Plaintiff, and therefore Plaintiff is liable for any and all resulting liability from the same.

23. In answer to paragraph 23 of Plaintiff's Complaint, Defendants deny the allegations contained therein as untrue. In further response, Defendants state that both Exit Strategy and InvestUS were covered by the applicable policy. To the extent that one or more of the Defendants was omitted from the policy, that omission was due to the negligence of Plaintiff, and therefore Plaintiff is liable for any and all resulting liability from the same.

24. In answer to paragraph 24 of Plaintiff's Complaint, Defendants state that the document speaks for itself, and no further response is required.

## COUNT I
## DECLARATORY JUDGMENT THAT INVESTUS IS NOT THE NAMED INSURED, INSURED OR ADDITIONAL INSURED UNDER THE AWHIC POLICY

25. Defendants incorporate by reference the responses contained in paragraphs 1 through 24 of this Answer as if fully restated herein.

26. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 26 of Plaintiff's Complaint, and so they neither admit nor deny the same, and leave Plaintiff to its strict proofs. To the extent this paragraph contains allegations of wrongdoing on the part of the Defendants, the same are denied as untrue. In further response, Defendants state that both Exit Strategy and InvestUS were covered by the applicable policy. To the extent that one or more of the Defendants were omitted from the policy, that omission was due to the negligence of Plaintiff, and therefore Plaintiff is responsible for any and all resulting liability from the same.

27. In answer to paragraph 27 of Plaintiff's Complaint, Defendants deny the allegations contained therein as untrue. In further response, Defendants state that both Exit Strategy and InvestUS were covered by the applicable policy. To the extent that one or more of the Defendants were omitted from such policy, that omission

was due to the negligence of Plaintiff, and therefore Plaintiff is responsible for any and all resulting liability from the same.

28. In answer to paragraph 28 of Plaintiff's Complaint, Defendants deny the allegations contained therein as untrue. In further response, Defendants state that both Exit Strategy and InvestUS were covered by the applicable policy. To the extent that one or more of the Defendants were omitted from such policy, that omission was due to the negligence of Plaintiff, and therefore Plaintiff is responsible for any and all resulting liability from the same.

29. In answer to paragraph 29 of Plaintiff's Complaint, Defendants deny the allegations contained therein as untrue. In further response, Defendants state that both Exit Strategy and InvestUS were covered by the applicable policy. To the extent that one or more of the Defendants were omitted from such policy, that omission was due to the negligence of Plaintiff, and therefore Plaintiff is responsible for any and all resulting liability from the same.

**COUNT II**
**DECLARATORY JUDGMENT THAT THE ABSOLUTE POLLUTION EXCLUSION IN THE AWHIC POLICY EXCLUDES COVERAGE FOR THE UNDERLYING ACTION**

30. Defendants incorporate by reference the responses contained in paragraphs 1 through 29 of this Answer as if fully restated herein.

31. In answer to paragraph 31 of Plaintiff's Complaint, Defendants admit that the Underlying Action involves claims against InvestUS arising out of the death of Ms. Welch. In further response, to the extent this paragraph contains allegations of wrongdoing on the part of the Defendants, the same is denied as untrue.

32. In answer to paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations contained therein as untrue. In further response, Defendants state as follows: To the extent that claims from the Underlying Litigation were excluded from the policy, which Defendants deny, such claims were excluded as the sole result of Plaintiff's negligence. On information and belief, Defendants specifically requested a policy that covered risks including, without limitation, injury or death caused by exposure to pollutants such as carbon monoxide, which Plaintiff agreed to provide. However, Plaintiff negligently failed to issue a policy with such coverage, and, therefore, is not entitled to any of the relief sought in the Complaint.

33. In answer to paragraph 33 of Plaintiff's Complaint, Defendants deny the allegations contained therein as untrue. In further response, Defendants state as follows: To the extent that claims from the Underlying Litigation were excluded from the policy, which Defendants deny, such claims were excluded as the sole result of Plaintiff's negligence. On information and belief, Defendants specifically requested a policy that covered risks including, without limitation, injury or death caused by exposure to pollutants such as carbon monoxide, which Plaintiff agreed

to provide. However, Plaintiff negligently failed to issue a policy with such coverage, and, therefore, is not entitled to any of the relief sought in the Complaint.

## COUNT III
### AN IMPLIED IN FACT CONTRACT OR UNJUST ENRICHMENT ENTITLES AWHIC TO REIMBURSEMENT OF DEFENSE COSTS INCURRED TO DEFEND INVESTUS AGAINST THE UNDERLYING ACTION

34. Defendants incorporate by reference the responses contained in paragraphs 1 through 33 as if fully restated herein.

35. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 35 of Plaintiff's Complaint, and so they neither admit nor deny the same, and leave Plaintiff to its strict proofs.

36. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 36 of Plaintiff's Complaint, and so they neither admit nor deny the same, and leave Plaintiff to its strict proofs. To the extent this paragraph implies that Defendants are liable to Plaintiff for any of the relief sought in this Complaint, the same is denied as untrue.

37. Defendants are without sufficient information and knowledge to answer the allegations in paragraph 37 of Plaintiff's Complaint, and so they neither admit nor deny the same, and leave Plaintiff to its strict proofs. In further response, to the extent InvestUS has received any benefit from AWHIC, InvestUS was entitled to receive such benefits as it was (or ought to have been) included within the scope

of coverage. To the extent that InvestUS was not an insured party, which Defendants deny, then the failure to include InvestUS as an insured party on the policy at issue is solely the result of Plaintiff's negligence, and therefore Plaintiff is responsible for any and all damages it allegedly suffered as a result.

38. In answer to paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein as untrue in the form and manner alleged.

39. In answer to paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations contained therein as untrue in the form and manner alleged.

40. In answer to paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations contained therein as untrue in the form and manner alleged.

WHEREFORE, Defendants Exit Strategy, LLC and InvestUS Exit Strategy, LLC respectfully request that this Honorable Court enter judgment of no cause in favor of Defendants, dismiss Plaintiff's Complaint in the entirety and with prejudice, award Defendants the costs and attorney's fees so wrongfully incurred in having to defend this action, and such other and further relief as is consistent with equity and good conscience.

## DEFENDANTS EXIT STRATEGY, LLC AND INVESTUS EXIT STRATEGY, LLC'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Exit Strategy, LLC and InvestUS Exit Strategy, LLC, by and through their counsel, JOELSON ROSENBERG, PLC, and for Defendant's Affirmative Defenses to Plaintiff's Complaint state as follows:

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2. Plaintiff's Complaint is barred by the applicable statutes of limitations and/or the doctrines of waiver, unclean hands, laches, or estoppel, and/or jurisdictional prerequisites.

3. Plaintiff's claims for damages are barred or reduced to the extent that it failed to properly mitigate his alleged damages.

4. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

5. To the extent Plaintiff suffered any damages, which Defendants deny, such damages are solely attributable to the negligence of Plaintiff and/or third parties.

6. Defendants' defenses to the underlying lawsuit include conduct and activity that falls within coverage mandated by the insurance policy at issue and/or

not expressly or reasonably excluded from the coverage provisions of the policy issued by Plaintiff.

7. If this Court determines that InvestUS Exit Strategy, LLC was not a named insured, which Defendants deny, then the failure to include InvestUS Exit Strategy, LLC as an insured or additionally named insured was the sole result of the negligence, misconduct, or other acts and omissions by Plaintiff, and Plaintiff is therefore liable for any and all losses and damages alleged in this action. Defendants specifically retained Plaintiff to issue insurance policies covering the owner(s) of each and every residential property in their portfolio. At the time the insurance policy was issued, Plaintiff knew that InvestUS Exit Strategy, LLC – and not Exit Strategy, LLC - owned the property at issue in the underlying action.

8. To the extent that claims from the Underlying Litigation were excluded from the insurance policy, which Defendants deny, such claims were excluded as the sole result of Plaintiff's negligence. On information and belief, Defendants specifically requested a policy that covered risks including, without limitation, injury or death caused by exposure to pollutants such as carbon monoxide, which Plaintiff agreed to provide. However, Plaintiff negligently failed to issue a policy with such coverage, and, therefore, is not entitled to any of the relief sought in the Complaint.

9. Defendant gives notice that it intends to rely on such other defenses as may become available during the discovery proceedings in this case and hereby

13

reserve the right to amend this Answer and Affirmative Defenses in order to assert such defenses.

WHEREFORE, Defendants Exit Strategy, LLC and InvestUS Exit Strategy, LLC respectfully request that this Honorable Court enter judgment of no cause in favor of Defendants, dismiss Plaintiff's Complaint in the entirety and with prejudice, award Defendants the costs and attorney's fees so wrongfully incurred in having to defend this action, and such other and further relief as is consistent with equity and good conscience.

Dated:       February 28, 2018

>                    Respectfully Submitted
>                    JOELSON ROSENBERG PLC
>
>                    By: _/s/ Ian L. Gross_____
>                    Ian L. Gross (P76181)
>                    Attorneys for Defendant InvestUS Exit
>                    Strategy, LLC and Exit Strategy, LLC only
>                    30665 Northwestern Highway, Ste. 200
>                    Farmington Hills, MI 48334
>                    (248) 855-2233
>                    igross@jrlawplc.com

## **PROOF OF SERVICE**

The undersigned certifies that on February 28, 2018 the foregoing Defendants' Answer to Plaintiff's Complaint, Affirmative Defenses, was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the pleadings via the Court's ecf system.

Dated:   February 28, 2018          /s/ Ian L. Gross
                                    Ian L. Gross